| | |
|---|---|
| STATE OF INDIANA )<br>) SS:<br>COUNTY OF NOBLE ) | IN THE NOBLE SUPERIOR COURT<br><br>CAUSE NO. 57D01-1012-CT-__<br>57D01- 1 0 1 2 -CT- 0 1 4 |

KAREN MCCOY,

    Plaintiff,

v.

TAYLOR MADE SYSTEMS
INDIANA, INC.,

    Defendant.

FILED

DEC 1 4 2010

*Candy Myers*
CLERK NOBLE SUPERIOR COURT
DIVISION I

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendant that:

1. The Plaintiff is Karen K. McCoy, a resident of Kendallville, Indiana, who at all material times worked for Defendant from about March 13, 2000 up through February 20, 2009, at which time she was "laid-off".

2. Defendant Taylor Made Group, Inc. and/or its successor in interest Taylor Made Systems Indiana, Inc. operates a facility located at 1101 Stonebreaker Drive, Kendallville, Indiana 46755, and/or 313-319 West Rush Street, Kendallville, Indiana 46755, but which is headquarted at 66 Kingsborough Avenue, Gloversville, New York 12078. "Taylor Made" has 500+ employees and is an "employer" for purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA").

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 26, 2010, a copy of which is attached hereto, made a part hereof and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice



of Rights/Notice of Suit Rights on or about September 15, 2010 (Exhibit "B"). This Complaint has been filed within 90 days of receipt thereof.

4. Plaintiff contends that she was discriminated against and terminated because of her age and disability in violation of the ADEA and the ADA, and that she was retaliated against because of the following facts and circumstances:

   a. Plaintiff incorporates herein all of the facts and circumstances set forth in Exhibit A, Charge of Discrimination No. 470-2010-01826.

   b. Throughout her employment with Defendant, Plaintiff performed her job well and certainly within the reasonable expectations of her employer, as she received no disciplinary write-ups or counselings, and was never cited for any problems relating to her job performance, absenteeism or other employment-related issues.

   c. On or about February 20, 2009, Plaintiff was laid-off by Defendant, along with about four other individuals, all of whom were over the age of forty (Plaintiff was one of the eldest, as her birth date is April 6, 1947, and she was 62 years old at the time of lay-off).

   d. During the months following Plaintiff's lay-off, between July and November 2009, Taylor Made laid-off approximately forty more people and more than have of these were over the age of forty.

   e. After the lay-offs, those laid-off workers who were under the age of forty and/or who were not disabled or who were not perceived to be disabled, were recalled to work by Defendant. Plaintiff was not recalled to work by

2

Defendant.

f. Plaintiff alleges that she was not called back to work, despite her good work record and years of service with Defendant, because of her advanced age and because Defendant perceived Plaintiff as being disabled, as she had undergone surgery in 2005 relating to a serious health condition (carpel tunnel syndrome and "trigger finger"), even though, after the surgery, Plaintiff was able to return to work without restrictions and has since performed all essential functions of her job.

g. A substantial number of the older workers who suffered from serious medical conditions which constituted either disabilities, perceived disabilities or records of impairment, were not called back, like Plaintiff.

h. Following Plaintiff's initial lay-off in February 2009, she contacted the Defendant on several occasions to see if Defendant had work for her, even if that work involved a different position than that which she had most recently held. Defendant denied Plaintiff this opportunity, asserting Plaintiff had no experience in assembly, but this was false because Plaintiff had the experience to do a variety of jobs within the factory, including assembly work, and was physically and mentally capable of doing assembly work. Eventually, in September 2009, Plaintiff was informed by Defendant that even though Plaintiff was never recalled by Defendant to resume work, Defendant did recall other laid-off employees and/or rehired previously terminated employees who lacked any disability

3

or perceived disability and who were substantially younger than Plaintiff.

5. As a direct and proximate result of Defendant's discrimination against Plaintiff on the basis of her age and disability/perceived disability/record of impairment, Plaintiff lost her job and job-related benefits including income, work opportunities with Defendant and Plaintiff experienced mental anguish, emotional distress, financial anxiety and other damages and injuries.

6. The discriminatory actions of Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADA and the ADEA, warranting an imposition of both punitive and/or liquidated damages.

7. When Plaintiff was paid her accrued, unused vacation time, Defendant failed to pay her all of the compensation that was due in owing. Defendant calculated the funds owed at her "base" rate which was lower than the pay for which she had been working. Defendant withheld approximately $414.00 that was actually owed to Plaintiff, and this wage withholding was without Plaintiff's consent or authorization, as required by the Indiana Wage Deduction Statute, I.C. § 22-2-6-1; therefore, Defendant owes to Plaintiff treble damages plus attorney's fees pursuant to I.C. § 22-2-9-1 *et seq*.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, punitive damages, liquidated damages, reasonable attorney's fees and costs, wages that are overdue an owing to Plaintiff, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail: cmyers@myers-law.com
             ismith@myers-law.com
Counsel for Plaintiff

CCM/js
S:\McCoy, Karen\Pleadings\Complaint.wpd

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☐ FEPA<br>■ EEOC | CHARGE NUMBER<br>470-2010-01826 |
|---|---|---|

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>Mrs. Karen K. McCoy | HOME TELEPHONE (Include Area Code)<br>(260) 347-2439 | |
|---|---|---|
| STREET ADDRESS<br>11477 East 850 North | CITY, STATE AND ZIP CODE<br>Kendallville, Indiana 46755 | DATE OF BIRTH<br>[redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Taylor Made Systems, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>50+ | TELEPHONE (Include Area Code)<br>(260) 347-1368 |
|---|---|---|
| STREET ADDRESS<br>1101 Stonebraker Drive | CITY, STATE AND ZIP CODE<br>Kendallville, Indiana 46755 | COUNTY<br>Noble |
| NAME<br>Taylor Made Group, Inc. | TELEPHONE NUMBER (Include Area Code)<br>260-347-1368 | |
| STREET ADDRESS<br>66 Kingsboro Ave. | CITY, STATE AND ZIP CODE<br>Gloversville, New York 12078 | COUNTY |

EEOC Indianapolis District Office  MAR 2 9 2010  RECEIVED

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ■ AGE
■ RETALIATION  ☐ NATIONAL ORIGIN  ■ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST
Sept. 2009 - Sept. 2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant Mrs. Karen K. McCoy was a qualified employee with a serious health condition, who was over the age of forty (40) at all material times to this Charge. The Complainant alleges that she was discriminated against and/or retaliated against on the basis of her disability/perceived disability/record of impairment, and her age, in violation of her federally protected rights under the Americans with Disabilities Act, 42 U.S.C. § 1211 et seq. ("ADA"), and/or Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). (Complainant also alleges that the Respondent wrongfully withheld wages that the she was entitled to receive for accrued vacation pay, in violation of the Indiana Wage Deduction Statute, 22-2-6-1 et seq., and the Indiana Wage Claim Statute, 22-2-9-1 et seq.)

"continued"

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
Resident of Allen County   My Commission Expires: [illegible]
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 26, 2010   Charging Party (Signature) /s/ Karen McCoy

SIGNATURE OF COMPLAINANT
/s/ Karen McCoy

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Date, month, and year) March 26, 2010

EEOC FORM 5 (Rev. 3/01)

Exhibit A

Charge of Discrimination

Re:   Mrs. Karen K. McCoy

Page 2

II. The Respondent is Taylor Made Systems Indiana, Inc., a company doing business at 1101 Stonebraker Drive, Kendallville, Indiana 46755. The Respondent is owned by Taylor Made Group, Inc., located at 66 Kingsboro Ave., Gloversville, New York 12078. The Respondent is an "employer" for the purposes of the ADA and ADEA (as well as the Indiana Wage Deduction and Wage Payment Statutes).

III. The Complainant began work for the Respondent on or about March 13, 2000, and was a lathe operator at the time of her separation from employment. Throughout her employment, she performed within the reasonable expectations of the employer. By way of background, Complainant underwent surgery in 2005 relating to the serious health conditions of carpal tunnel syndrom, and "trigger finger". Following her surgery, Complainant was able to return to work without restrictions and perform all of the essential functions of the jobs assigned to her.

IV. On or about February 20, 2009, the Complainant was initially laid-off by the Respondent, along with approximately four (4) other individuals. All of the individuals who were laid-off were over the age of forty (40). During the following months, between July and November 2009, the company laid approximately forty more people off, more than half of whom were over the age of forty (40). Later, laid-off workers were under the age of forty (40), and /or whom lacked any disability/perceived disability/record of impairment, were recalled to work by Respondent, though Complainant was not. The Complainant, however, was not called back to work, in spite of her good work record with the Respondent. In addition, instead of recalling the Complainant back to work, the Respondent reportedly brought in workers from its out of state plants to the Complainant's plant. About October 2009, after Complainant's lay off, Complainant was informed by a former coworker, Jerry Elser, that there was "lots of new young faces at the plant".

V. Along with laying off a high percentage of employees over forty in 2009, the company also laid off a number of employees, whom, like the Complainant, suffered from serious medical conditions that constituted disabilities/perceived disabilities/records of impairment. Like the Complainant, these individuals were never recalled to work.

VI. Following the Complainant's initial lay-off in February 2009, Complainant contacted the company several times to see if Respondent had work for her, even if a different position than she most recently had held. Respondent's Human Resources representative told the Complainant "you can't do assembly". However, the Complainant had the experience to do a variety of jobs within the factory, including assembly work, and was physically capable of doing assembly work. Eventually, in September 2009, the Complainant was informed by the Respondent that she should no longer consider herself employed by the Company. Complainant was given no reason for the termination.

VII. While the Respondent never recalled the Complainant to work, and eventually terminated her, it nevertheless recalled laid off employees and/or rehired previously fired employees who lacked any disability/perceived disability/record of impairment, even though one or more of those employees had significantly worse work records than the Complainant. The Complainant had perfect attendance for over seven (7) years of her employment by the Respondent, and no history of write-ups or suspensions.

EEOC Indianapolis District Office
MAR 29 2010
RECEIVED

Initials

Charge of Discrimination

Re:   Mrs. Karen K. McCoy

Page 2

VIII.  The Complainant alleges that she was discriminated against and terminated on the basis of her disability/perceived disability/record of impairment, in violation of her rights under the ADA, and/or discriminated against and/or retaliated against on the basis of her age, in violation of her rights under the ADEA.

IX.  The Respondent's discriminatory/retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and subjected the Complainant to inconvenience, emotional distress, mental anguish, and other damages and injuries.

X.  Complainant also contends that when she received her pay for accrued, unused vacation time, the Respondent failed to pay all of the compensation owed to her. The Complainant alleges that the Respondent calculated the funds owed to her based on a lower rate of pay than the Complainant had been working at, and withheld the remaining funds owed, (approximately $414.00) without Complainant's authorization. This was in violation of the Complainant's rights under the Indiana Wage Deduction Statute, 22-2-6-1 *et seq.*, and the Indiana Wage Claim Statute, 22-2-9-1 *et seq.*

_____
Initials

EEOC Indianapolis District Office
MAR 29 2010
RECEIVED

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Karen K. McCoy
11477 East 850 North
Kendallville, IN 46755

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-01826 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

SEP 15 2010

Webster N. Smith,
Acting District Director

Enclosures(s)                                                                 (Date Mailed)

cc: Steven L. Jackson, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802

Christopher C. Myers, Esq.
Christopher C. Myers & Associates
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Exhibit B